IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAB ONE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-14-1094-C |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY OF CONNECTICUT; | ) | |
| DALE MICHAEL KUCK; and | ) | |
| METZLER BROS INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff owns commercial property which is insured by Defendant The Travelers Indemnity Company ("Travelers"). Plaintiff's property was damaged by a storm on April 17, 2013, and Plaintiff turned to Defendant Travelers for insurance coverage to address the storm damage. Dissatisfied with the manner in which Defendant Travelers adjusted the claim, Plaintiff filed the present action in state court. In bringing its claim, Plaintiff added as a defendant Travelers' adjuster, Dale Michael Kuck, and the independent insurance agency, Metzler Bros Insurance, who had assisted Plaintiff in obtaining its insurance policy. Against these Defendants, Plaintiff brought claims for (1) breach of contract, (2) bad faith, (3) breach of fiduciary duty, (4) negligence in procurement of insurance, (5) constructive fraud and negligent misrepresentation, (6) negligent underwriting, (7) violation of the Oklahoma Consumer Protection Act, and (8) breach of the common law duty of good faith and fair dealing. Defendants removed the case to this Court and Defendants Travelers and Kuck filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of

parts of Plaintiff's case. During the pendency of the Motion to Dismiss, Plaintiff and Defendants filed a stipulation of dismissal, dismissing Plaintiff's claims against Defendants Dale Michael Kuck and Metzler Bros Insurance. The impact of that stipulation of dismissal on Plaintiff's claims will be discussed further herein.

Count one of Plaintiff's state court Petition alleged a breach of contract claim against Defendant Travelers. Within that cause of action, however, Plaintiff also alleged that Travelers' conduct warranted the imposition of punitive damages. Defendant Travelers now seeks dismissal of count one to the extent it requests punitive damages, arguing that Oklahoma law does not permit an award of punitive damages for breach of contract.

Plaintiff's response is unhelpful. Rather than offering an argument in support of bringing a punitive damages claim on a breach of contract cause, Plaintiff argues that its claim for punitive damages is insufficient to support or demonstrate the requisite amount in controversy necessary for diversity jurisdiction. However, no party has challenged whether or not the requisite amount in controversy for jurisdiction is present in this case. Indeed, as Defendant Travelers notes, the substance of Plaintiff's breach of contract claim, as well as demand letters by Plaintiff, demonstrate the amount in controversy substantially exceeds the jurisdictional prerequisite set forth in 28 U.S.C. § 1332. Thus, it is entirely unclear what purpose Plaintiff's response serves.

Regardless, after consideration of the arguments and the allegations in Plaintiff's state court Petition, the Court finds that the punitive damages claim in count one should be dismissed. As Defendant Travelers correctly notes, Oklahoma law does not support a claim

for punitive damages premised on a claim for breach of contract.  See Wilspec Techs., Inc., 2009 OK 12, ¶17, 204 P.3d P.3d 69, 74.  Accordingly, Defendant Travelers' Motion to Dismiss Plaintiff's claim for punitive damages in count one will be granted.

Next comes Plaintiff's bad faith claim against Defendant Kuck.  As noted above, the claims against Defendant Kuck have been dismissed; therefore Defendant Kuck's request for dismissal is stricken as moot.

Defendant Travelers argues Plaintiff's claim for breach of fiduciary duty should be dismissed, as Oklahoma law does not recognize the existence of a fiduciary duty between an insured and insurer.  In support of its motion, Defendant Travelers directs the Court to Cosper v. Farmers Insurance Co., 2013 OK CIV APP 78, 309 P.3d 147.  Plaintiff argues that Cosper is not as broad as suggested by Defendant Travelers and should be narrowly construed.  According to Plaintiff, Oklahoma law permits fiduciary relationships to arise any time the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence in another person.  Quinlan v. Koch Oil Co., 25 F.3d 936, 942 (10th Cir. 1994).    As Defendant Travelers notes, the allegations brought by Plaintiff in this case and those by the plaintiff in Cosper are indistinguishable.  In rejecting the claim for fiduciary duty by the plaintiff in Cosper, the Oklahoma Court of Civil Appeals recognized "'[t]here are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy'" (quoting Swickey v. Silvey Cos., 1999 OK CIV APP 48, ¶ 12, 979 P.2d 266, 269).  Further, in Silver v. Slusher, 1988 OK 53, ¶ 7, n.11, 770 P.2d 878, 882, n.11,

3

the Oklahoma Supreme Court recognized that the relationship between the insured and insurer was arm's length, and they did not stand in any recognized form of "special relationship." In light of these clear statements from Oklahoma courts, the Court finds that Oklahoma would not recognize a claim for breach of fiduciary duty under the circumstances present here. Consequently, Defendant Travelers' request for dismissal will be granted.

Plaintiff's claims for negligent procurement of insurance, constructive fraud, negligent misrepresentation, and negligent underwriting are all dismissed by virtue of Plaintiff's stipulation of dismissal. Therefore, Defendant Travelers' Motion to Dismiss as to these claims will be stricken as moot.

Defendant Travelers next challenges Plaintiff's claim for violations of the Oklahoma Consumer Protection Act ("OCPA"). According to Defendant Travelers, a provision of the Act, specifically 15 Okla. Stat. § 754(2) ("Actions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States, . . .") exempts any claim here, as Defendant Travelers is regulated by the Oklahoma Department of Insurance.

In response, Plaintiff does not dispute that Defendant Travelers is regulated by the Department of Insurance; however, it argues that the specific actions or transactions challenged here, such as accepting insurance premiums and refusing to pay benefits, offering a product that provides illusory coverage, or other actions related to the adjustment of Plaintiff's claim, are not subject to regulation by the Department of Insurance.

4

Contrary to Plaintiff's arguments, the Oklahoma Department of Insurance does regulate the very types of claims at issue here: the sale of property insurance and adjustment activities related to that insurance. Therefore, the exception to the OCPA noted above would exclude Plaintiff's claim under that Act. Therefore, Defendant Travelers' Motion to Dismiss will be granted on this issue.

Finally, Defendant Travelers challenges as repetitive counts two and eight of Plaintiff's state court Petition. According to Defendant Travelers, both counts raise a claim for breach of the implied covenant of good faith and fair dealing and since Plaintiff is only entitled to recover one time for that theory, to have the same tort stated twice in the Petition is redundant and one should be dismissed.

After review of Plaintiff's state court Petition, the Court agrees that the allegations raised by Plaintiff in its second cause of action, asserting a claim for bad faith, and its eighth cause of action, asserting a claim for breach of the common law duty of good faith and fair dealing, both raise claims under the common law doctrine generally recognized as a claim for bad faith. Thus, while Defendant Travelers is correct that the claims are redundant, the Court finds dismissal inappropriate. Both claims fairly state a claim for relief under Oklahoma law. Certainly, Plaintiff will be entitled to but one recovery for this tort. Thus, the redundancy causes no harm.

For the reasons set forth herein, The Travelers Indemnity Company of Connecticut and Dale Michael Kuck's Motion to Dismiss (Dkt. No. 8) is GRANTED IN PART, STRICKEN IN PART, and DENIED IN PART.

IT IS SO ORDERED this 19th day of November, 2014.

ROBIN J. CAUTHRON
United States District Judge